[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] SUPPLEMENTAL MEMORANDUM OF DECISION ON DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT
After issuance of the court's memorandum of decision on the motions for summary judgment filed by the defendants in the above-captioned cases, this court became aware that the movants had submitted materials in addition to those appended to their motions. Specifically, the court located an affidavit of Detective Richard Herlihy certifying that the police reports of CT Page 14322 the Bridgeport Police Department appended to the affidavit were authentic and identifying them as official records of that department. The affidavit, though dated October 23, 1998, was not signed until October 29. The court date stamp bears the filing date of November 13, 1998, a date after the oral argument on the motions for summary judgment, which were heard on October 30, 1998.
The materials appended to Det. Herlihy's affidavit do not include all of the same reports and materials attached to the motions for summary judgment. (In the original memorandum of decision, this court has noted that the reports attached to the motions were not accompanied by any authenticating affidavit and therefore could not be consulted in determining the issues raised in the motions.)
The November 13, 1998 submissions include reports of the Bridgeport Police Department concerning investigation earlier in the day of the black Cadillac driven by Towns during the events at issue in these lawsuits. There is no indication in any of the reports that any of this information was conveyed to the defendants at any time before the car came to rest in the creek; and it does not appear, therefore, that any of the information included was the basis for any of the actions of any of the defendants.
The reports also include investigations concerning crimes of which Towns was suspected to be the perpetrator and investigation of items found in his pockets after his body was recovered from the creek.
The report of Sgt. Paul Lengyel, compiled on the basis of interviews of participating officers after the incident was over, contains the same material details concerning the actions of defendants Lowe and Lysobey as has been summarized in this court's original ruling on the motions, except for the additional detail that Sgt. Lysobey told the investigating officer that he had fired at the car and that other shots were also fired, but that he did not know who fired them. Sgt. Lengyel's report confirms that Shamon Clark was found to have a gunshot wound to the left shoulder.
The reports include a description of the condition of the vehicle driven by Towns and the location of bullet holes in that vehicle. That report, dated February 13, 1992, states: CT Page 14323
 An exterior visual examination revealed what appeared to be a bullet hold which passed through the right rear quarter pillar which was labeled photographic exhibit B and photographed. The exterior entrance and the interior exit were at an angle that appeared to lead in the direction of the drivers seat.
The same report noted that there was "an apparent bullet hole" in the right rear passenger window at the time the car was lifted from the water. The report states that "this bullet hole (Labeled A) at the time of examination appeared to have no apparent angle to it, and would lead one to believe any passenger in the back seat of this auto could have been wounded." In the report, the investigator observed that "no projectile damage could be located which would indicate that victim Shamon Clark received his gunshot wound while seated in the front passenger seat as he has stated unless he was wound (sic) through the front passenger window, which was determined to be in the up position prior to its damage, which is attributed to being broken out by Shamon Clark according to his statement."
The other records identified by the affiant are records of property recovered from the persons of Towns and Clark, including a loaded gun found under the waistband of Towns' trousers.
The statements of defendants Lowe and Lysobey to investigating officers include statements that the Towns vehicle had tried to force the Lowe vehicle off the road during the chase. This statement might be found to support the plaintiffs' claim that the officers shot out of anger and for the purpose of punishing the occupants of the car for endangering them.
Sgt. Lysobey also is quoted in a report as stating that he saw the front passenger window of the car go down and a straight object appear. This observation might be found to support an inference that the defendants shot for the purpose of self-protection under the belief that they would be fired upon.
The reports authenticated by Det. Herlihy do not establish that the defendants are entitled to judgment as a matter of law as to any claims other than those previously so adjudicated by this court. Indeed, the additional information concerning the entry and exit points of bullets into the car supports the inference that the officers had aimed to hit the occupants of the car. At best, the additional information submitted supports the CT Page 14324 conclusion that the material facts and intentions of the defendants are very much in dispute with regard to the shots fired at the traffic island. Since the issues of purpose and intent are crucial, summary judgment is precluded.
This court finds that the additional materials submitted do not support any different results as to the motions for summary judgment than were previously reached by this court.
Beverly J. Hodgson, Judge of the Superior Court.